Eastern District.
June 1831.

CORRYOLLES
vs
MOSSY

*CORRYOLLES vs. MOSSY.*

**APPEAL FROM THE COURT OF THE FIRST DISTRICT.**

By the English courts it was considered a breach of faith, on the part of the vender, to employ bidders or puffers at auction. If the owner wished to prevent a sale under a certain price, he must proclaim the lowest bid he would take in putting up his goods.

The purchaser could avoid a sale at auction, made by the aid of puffers or private bidders, on the ground that his assent had been obtained by fraudulent practices, on the part of the vender, or his agent.

A purchase made at auction, is similar to a private contract. In both *assent* is necessary in each party. And an offer *to* sell at auction, to the highest bidder, is not binding, unless the auctioneer *assent* to the *bid* that is made.

So where property is put up at auction, and the plaintiff becomes the highest bidder, the auctioneer may reject his bid, and withdraw the property, unless he will bid a certain sum more.

The plaintiff bid $2050 on certain lots offered by the defendant as auctioneer, at public sale. The advertisement stated the lots were to be sold to the *highest bidder*. The auctioneer bid $50 over the plaintiff's bid, and withdrew the property from sale.

The plaintiff institutes this suit to compel the auctioneer to adjudicate the property to him at the *price* of $2050, which he contends is the *highest* bid, the auctioneer having no right to bid.

There was judgment in favour of the defendant.

*Pichot* for the plaintiff and appellant.

*Morphy* for the defendant.

*Porter, J.* delivered the opinion of the case.

The defendant was employed as auctioneer, to dispose by public sale of certain lots lying in the suburb Marigny. They were advertised in the usual way, and the advertisement contained an express declaration, that they would be sold to the highest bidder. The plaintiff attended the sale, and bid higher than any other person except the auctioneer, who being directed not to sell them for less than a certain sum, advanced on the bid of the plaintiff, and then withdrew the property.

Eastern District,
June 1831.

CORRYOLLES
vs.
MOSSY.

This action is brought to compel the auctioneer to make a conveyance to the plaintiff, on the ground that he was the highest and last bidder.

The judge of the court of the first instance was of opinion that no action lay against the defendant, and dismissed the petition. He was also of opinion that under the 2585th and 2586th articles of the Louisiana Code there was no sale, and that until an adjudication the owner might withdraw the property.

The English and American cases on the subject of owners employing puffers at auction, have been collected in *Livermore on Agency,* and by Chancellor Kent in his Commentaries. The first English decisions went so far as to consider it a breach of faith, on the part of the vender, to employ any one to bid for him at an auction, or to privately bid on his own goods. They established, that if he wished to prevent a sale at an under price, he must order them to be put at his own price. This was the doctrine of Lord Mansfield. Very eminent judges of that country, however, have since questioned whether the rule had not been laid down too broadly. Sir William Grant seemed to think that if bidders were employed by the owners, merely for the purpose of taking advantage of the eagerness of those who were *bona fide,* and in order to screw them up and enhance the price, it would be a fraud; but that he might lawfully, even without making the fact publicly known, employ a person to bid for defensive precaution, and with a view to prevent a sale at an under value. Lord Rosslyn, in the case of *Steele* vs. *Ellmaker,* suggested that the tone of Lord Mansfield's morality was perhaps too lofty for the common transaction of business; Chancellor Kent, however, is of opinion that it is not; and seems to consider that good faith and sound policy, both require an adherence to the rules established by the earlier cases. He intimates, too, that such is the later decisions of Westminster Hall. If there be any such, they have not fallen under our observation.—*Kent's Com. vol.* 2, 426 and 427. *Livermore on Agency,* 335 *and* 346.

By the English courts it was considered a breach of faith on the part of the vender to employ bidders or puffers at auction. If the owner wished to prevent a sale under a certain price, he must proclaim the lowest bid he would take in putting up his goods.

Eastern District,
June 1831.

CORRYOLLES
vs.
MOSSY.

The purchaser could avoid a sale at auction made by the aid of puffers or private bidders on the ground that his assent had been obtained by fraudulent practices on the part of the vender or his agent.

The case now presented does not require this court to state what conclusion it would come to, on facts similar to those which have produced the difference of opinion just alluded to. In all these cases the adjudication had taken place; the contract was complete so far as a proposition on one side, and acceptance on the other could make it; and it was the purchaser who sought to avoid it, on the ground that his assent had been obtained by fraudulent practices on the part of the vender, or his agents. In the present instance, an attempt is made to carry the doctrine much further, and to make these alleged acts of fraud not merely the means of avoiding a contract, but to lay them as grounds for declaring one to exist, although the party by whom they were practised, failing to draw the bidder up to the price he wished to obtain, refused his assent to the proposition made to him.

To this length we cannot go. The books quoted by the counsel for plaintiff, lay down the rule that a bidding at auction may be retracted before the hammer is down: that every bidding is nothing more than an offer on one side, which is not binding on either side until it is assented to.—2 *Kent's Com.* 424. *Payne* vs. *Cane,* 3 *Term,* 148.

The rule thus laid down would decide this case in favour of the defendant; but as we prefer settling cases, when we can, on the positive provisions of our law, instead of those of other countries, we shall recur to our Code for the rules which must govern us.

A purchase made at auction is similar to a private contract: in both assent is necessary in each party. And an offer to sell at action to the highest bidder, is not binding unless the auctioneer assent to the bid that is made.

We cannot distinguish between a proposition made to purchase at auction, from that which may take place in a private contract. Assent is required from both parties, in each mode of contracting, before the agreement is complete. The offer of the proprietor to sell to the highest bidder, is not more binding on him than if he had offered, by a private communication to a purchaser, to take a sum certain for his property.

Would that proposition, if accepted, bind the owner? No; for after the acceptance he could still retract. The 1795th

article of the Louisiana Code expressly declares that "the party proposing shall be presumed to continue in the intention which his proposal expressed, if on receiving the unqualified assent of him to whom the proposition is made, *he does not signify the change of his intention.* That change of intention was signified in this instance, and the case does not come within the exception in the next article—of a proposition being made in such terms as evince *a design* of giving the other party the right of concluding the contract by his assent. That design can hardly be presumed, in a case where three parties might successively bid $100, $200, and $300, for property worth thousands.—*La. Code*, 1795 and 1796.

*Eastern District,*
*June 1831.*

CORRYOLLES
*vs.*
MOSSY,

So where property is put up at auction and the plaintiff becomes the highest bidder the auctioneer may reject his bid, and withdraw the property unless he will bid a certain sum more.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be affirmed with costs.